UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Diane Robinson<br><br>　　　　Plaintiff<br><br>　v.<br><br>Tampa Electric Company, dba "TECO"<br><br>Angela Calhoun "Chief Commissioner"<br><br>Ken Wagenhofer "TECO Executive Solutions Specialist"<br><br>Rhonda Kelly " TECO Supervisor Executive Solutions"<br><br>　　　　Defendant(s) | Deprivation of Rights<br>42 USC 1983<br><br>**JURY TRIAL DEMANDED**<br><br>Case Number: 8:24cv 170 WFJ-AEP<br><br><br>JAN 18 2024 PM3:19<br>FILED - USDC - FLMD - TPA |

## COMPLAINT

Diane Robinson (hereinafter "Plaintiff") sues Defendant(s) Tampa Electric Company, dba "TECO", Angela Calhoun, Ken Wagenhofer, and Rhonda Kelly for relief, and money damages in the amount of $500,000 for deprivation of rights under color of law, and violations of constitutionally secured rights, and with first hand knowledge states:

### JURISDICTIONAL ALLEGATIONS

1. The nature of the claim is within the jurisdiction of this court because Federal Questions about constitution protect rights violations.
2. Defendant(s) are clothed with the authority of state law.
3. Defendant(s) exercises their power through license through the state.
4. Defendant TECO is a fictitious entity that provides electricity service registered with the State of Florida and subject to the jurisdiction of the Federal Energy Regulatory Commission.
5. Defendant(s) Ken Wagenhofer, and Rhonda Kelly (hereinafter "TECO agents") provides public utility service sometimes by and through TECO.



6. Defendant Angela Calhoun sometimes acts as public agent for the Utility Commission of the State of Florida.
7. All Defendant(s) are citizens of the United States.
8. The amount in controversy exceeds the minimum amount within the limits of the jurisdiction of the State Court.

## GENERAL FACTUAL ALLEGATIONS

9. Energy systems and conservation systems are used to protect the health, prosperity, and general welfare of Plaintiff.

10. Plaintiff is not requesting a special privilege, but rather showing what the law dictates.

11. The record will reflect that Plaintiff has a protected right to electricity.

12. TECO has the responsibility to provide electricity. (See in the matter of Jose J. Moran. V Duke Energy Carolinas, L.L.C., 2014 (Docket No. E-7, Sub 1054, Page 16) which finds, "In today's society. <u>electricity is a necessity of life</u>. A home is not a safe or healthy environment without electricity.")

13. TECO has a "duty to serve" in the interest of the public and "must, to the extent of that interest, submit to be controlled by the public, for the common good" because of the protected monopoly status they enjoy by being "insulated from competition", according to the United States Supreme Court. (see Munn v. Illinois, 94 U.S. 113 (1876)"

14. Defendant(s) actions against Plaintiff are based on the assumption that Plaintiff is using electric service in Interstate and Foreign Commerce.

15. The legislative intent for Public Utility Regulatory Policies Act is "for the **protection** of the public health, safety, and welfare, the preservation of national security, and the **proper exercise of Congressional authority under the Constitution to regulate interstate commerce**"

16. Further, Pursuant to the Declaration of Policy 16 U.S.C § 824 Defendant(s) obligation consists of the transmission of **electric energy in interstate commerce** and **the sale** of such energy at wholesale **in interstate commerce**.

17. In Plaintiff's informal dispute filed with the Commission in October of 2023 Angela Calhoun on the clock at the time as "Chief Commissioner" for the Commission, states "If you do not pay your bill in a form of currency acceptable to the utility your service may be disconnected for nonpayment upon notice pursuant to Rule 25-6.105, Florida Administrative Code".

18. Termination of service for Plaintiff inability to lawfully be charged or legally "pay", especially where there is a duty to provide service, is Cruel And Unusual Punishment (See Article the Eighth, aka Eighth Amendment).

19. Further Commissioner Angela Calhoun never provided Plaintiff the evidence of her assumption that Plaintiff was engaging in interstate commerce for "Refusal or Discontinuance of Service by Utility" as outlined in Rule 25-6.105, Florida Administrative Code"

20. Nothing in Florida Statutes or Federal law supports Commissioner Angela Calhoun agreeing with TECO agents to disconnect service for not being engaged in interstate and foregoing commerce.

21. Following Plaintiff formal dispute on October 27, 2023, her dispute was also sent to TECO which Ken Wagenhofer responds and states "Since Tampa Electric is a privately-owned utility (i.e. not a government agency"), the documentation you enclosed to the FPSC would not preclude standard payment requirement. TEC is regulated by tariffs that are filled with the FPSC, which can be viewed on their website."

22. Plaintiff enclosed their agreement with The United States Of America that's listed on "GSA" so that they refer back to their terms and conditions and definitions when responding.

23. Plaintiff wrote another dispute to the Commission and TECO so that she can get clarity of their response and to correct their record to reflect that she is not using the electric service in interstate commerce.

24. Plaintiff was retaliated against by disconnection of service in November of 2023 instead of notating her account to reflect the dispute.

25. Commissioner Angela Calhoun gave the same automated response in December of 2023.

26. Defendant Rhonda Kelly responded on behalf TECO in December of 2023 and stated "We send you responsive letters on October 25, 2023, and November 22, 2023… as a

customer **who applied** for TEC electric service, has been provided electric service, received monthly bills for electric service for which you have previously submitted standard payments, the information you provided would not preclude you from submitting the standard payment required now or in the future."

27. Defendant Rhonda Kelly did not supply the application that she was referring to as she did not apply for utility service to be engaged in interstate and foreign commerce and be charged for the service.

28. Plaintiff requested that Defendant Rhonda Kelly produce the application for inspection on December 21, 2023 and gave her and Defendant Ken Wagenhofer an opportunity to cure.

29. Since present day Plaintiff has not received an answer but instead a disconnection notice.

30. Angela Calhoun supports the acts of Ken Wagenhofer and Rhonda Kelly ("TECO agents" hereinafter).

31. Defendant(s) TECO, Angela Calhoun, Ken Wagenhofer, and Rhonda Kelly have intentionally and repeatedly neglected their duties and directly harmed and caused harm to Plaintiff by and through TECO.

## COUNT ONE- DEPRIVATION OF RIGHTS

32. Plaintiff realleges and restates the foregoing jurisdictional and general allegations.
33. Defendant(s) conduct, under color of statute and customer, have subjected Plaintiff to the deprivation of her rights to health, prosperity, and general welfare.

WHEREFORE, Plaintiff moves this Honorable Court to enter an Order for enjoining TECO agents from taking further action to enforce their threats, and an Order for money damages severally and jointly against TECO, Ken Wagenhofer, and Rhonda Kelly, Angela Calhoun and the Commission as the entity responsible for the training, policies, and customs that resulted in the harm done, and any such further relief as the court may deem reasonable and just under the circumstances.

## REQUEST FOR RELIEF

34. Plaintiff demands punitive damages in the amount of $500,000 for the arbitrary, capricious, and unreasonable deprivation of rights as secured by the constitution by the United States.

WHEREFORE, Plaintiff demands judgment for actual, compensatory and punitive damages against all Defendant(s), together with such other relief as the Honorable Court may deem reasonable and Justice under the circumstances.

*[signature]*
Diane Robinson
*Plaintiff*
Diane_hall47@yahoo.com
10636 indigo shore lane
Riverview Florida 33578

BEFORE ME on this day of January __18__ 2024 A.D. personally appeared Diane Robinson who executed the foregoing in my presence and stated to me under penalties of perjury that the facts alleged therein are true and correct according to her own personal knowledge. (28 U.S.C § 1746(1))

*[signature]* Date: January 18, 2024
Print: Justice Mayes Smith

Witness 1

*[signature]* Date: 1/18/24
Print: Charles Harris

Witness 2

## CERTIFICATE OF SERVICE

I Diane Robinson certify that this complaint was provided via USPS mail January ___18___, 2024

**Tampa Electric Company "TECO"**

702 NORTH FRANKLIN ST
TAMPA, FL 33602

**Ken Wagenhofer**

702 NORTH FRANKLIN ST
TAMPA, FL 33602

**Rhonda Kelly**

702 NORTH FRANKLIN ST
TAMPA, FL 33602

**Angela Calhoun**

2540 Shumard Oak Boulevard, Suite 152
Tallahassee, Florida 32399