UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANE ROBINSON,

        Plaintiff,

v.                                              Case No. 8:24-cv-00170-WFJ-AEP

TAMPA ELECTRIC COMPANY, dba "TECO",
ANGELA CALHOUN,
KEN WAGENHOFER,
RHONDA KELLY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

      This cause comes before the Court on Plaintiff Diane Robinson's Motion to Proceed *In Forma Pauperis*. (Doc. 7). Plaintiff, proceeding *pro se*, initiated this action against Tampa Electric Company dba TECO (hereinafter "TECO"), Angela Calhoun (hereinafter "Calhoun") as "Chief Commissioner" for the State of Florida, Ken Wagenhofer (hereinafter "Wagenhofer") as "TECO Executive Solutions Specialist," and Rhonda Kelly (hereinafter "Kelly") as "TECO Supervisor Executive Solutions." (Doc. 1). In her Amended Complaint, Plaintiff asserts that in allowing her electricity to be disconnected, Defendants violated the Fair Debt Collection Practices Act and unlawfully deprived her of her rights pursuant to 42 U.S.C. § 1983. (Doc. 7). For the reasons detailed below, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) should be denied.

### I.  Background

This case arises from a dispute regarding payment for an electric bill. Plaintiff is a TECO customer residing in Riverview, Florida. Based on the materials presented by Plaintiff, prior to initiating this action, Plaintiff contacted the Florida Public Service Commission and TECO employee Karen Sparkman, alleging that she was not responsible for paying for the electric service used at her residence. (Doc. 7, p. 8). On October 25, 2023, Chief Angela Calhoun of the Florida Public Service Commission responded and informed Plaintiff that Plaintiff's belief she was owed funds by the U.S. Department of Treasury or Internal Revenue Service did not absolve Plaintiff of her responsibility to pay her TECO Invoice through a payment method accepted by TECO. (Doc. 7, p. 8-9). In subsequent correspondence, TECO representative Ken Wagenhofer reiterated same. (Doc. 7, p. 10). However, Plaintiff failed to make any payments. On November 13, 2023, a final notice was mailed to Plaintiff informing her that if a payment of $834.76 was not made by November 22, 2023, her electric service would be disconnected. (Doc. 7, p. 11). On November 29, 2023, Plaintiff's electric service was disconnected for failure to make a payment. (Doc. 7, p. 11). Services were restored shortly after disconnection when a payment of $1,165.24 was received. (Doc. 7, p. 11). On December 1, 2023, TECO Supervisor Rhonda Kelly, sent correspondence to Plaintiff summarizing TECO's actions in the matter and inquiring as to whether Plaintiff wish to explore certain account options including her eligibility for payment arrangement, an installment plan, or payment assistance. (Doc. 7, p. 11).

On January 18, 2024, Plaintiff filed the instant action against TECO as well

as Sparkamn, Kagenhofer, and Kelly in their official capacities. (Doc. 1). Plaintiff subsequently filed an amended Complaint on January 29, 2024. (Doc. 7). However, for the reasons stated herein, neither version of Plaintiff's Complaint states a viable cause of action.

In Count I of her Amended Complaint, Plaintiff seemingly alleges that all Defendants are liable under the Fair Debt Collection Act for improperly allowing Plaintiff's electricity to be disconnected. (Doc. 7, ¶¶ 43-52). In support thereof, Plaintiff maintains that she received postcards from TECO regarding an alleged balance on her accounts which misrepresented the amount and character of the alleged debt and "made threats to disconnect electricity service that cannot be legally taken." (Doc. 7, ¶¶ 46, 49-50). As a result, Plaintiff claims to have suffered harm to her "right to privacy, health, prosperity, and general welfare." (Doc. 7, ¶ 52)

In Count II of her Amended Complaint, Plaintiff attempts to bring an action for the "deprivation of her rights to health, prosperity, and general welfare." (Doc. 7, ¶ 57) Notably, Plaintiff maintains that she has a protected right to electricity which TECO has a duty to provide and cannot charge her for unless engaging in interstate commerce. (Doc. 7, ¶¶ 11-15). Plaintiff thus contends that Defendants discriminated against her in disconnecting her electricity because she was not engaging in interstate commerce in a manner that would allow her to be charged. (Doc. 7, ¶ 56). Plaintiff also alleges that the actions of TECO's agents violated Fla. Stat. § 501.705(2)(b) as TECO agents have a duty "to correct inaccuracies in a

consumer's personal data, taking into account the nature of the personal data and the processing of the consumer's personal data." (Doc. 7, ¶ 54).

## II. Legal Standard

The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). However, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). District courts maintain broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

An action is frivolous where the allegations lack an arguable basis either in law or fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where the court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

Further, to state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim

4

showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Failure to state a claim is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Moreover, federal courts are courts of limited jurisdiction and, thus, have an obligation to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Specifically, federal district courts will have original jurisdiction over cases in which the amount in controversy exceeds $75,000, and the case is

between citizens of different states or citizens of the United States and citizens of a foreign state. 28 U.S.C. § 1332.

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.[1] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.   Discussion

In her AmendedComplaint, Plaintiff has failed to allege facts sufficient to show that she can assert a viable federal claim. All of Plaintiff's claims stem from unpaid electric bills that resulted in TECO disconnecting her electricity service. However, TECO, its representatives, and Calhoun are not debt collectors within the meaning of the FDCPA nor is the disconnection of Plaintiff's electric service a cognizable deprivation of her rights. Thus, Plaintiff as failed to assert a valid claim.

### Count I: Claim under FDCPA

The Fair Debt Collection Practices Act (FDCPA) was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

---

[1] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

consumers against debt collection abuses." 15 U.S. Code § 1692; *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). The statute thus prohibits debt collectors "from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' as well as the use of 'unfair or unconscionable' means of collection." *LeBlanc*, 601 F.3d at 1190 (quoting 15 U.S.C. §§ 1692e-f).

To adequately state a claim under the FDCPA, Plaintiff must allege that: (1) she was the object of a debt-collection activity arising from consumer debt; (2) Defendant qualifies as a "debt collector" as defined by 15 U.S.C. § 1692a; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *Martinez v. Commercial Recovery Sys., Inc.*, No. 8:13-cv-391-T-38MAP, 2013 WL 2237571 at *1 (M.D. Fla. May 21, 2013).

In this instance, no named defendant qualifies as a debt collector. Under 15 U.S.C. § 1692a(6), a "debt collector" is defined as any person who 1) "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or 2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Entities that extend credit or are owed a debt are generally not "debt collectors" subject to the FDCPA. *Davidson v. Capital One Bank*, 797 F.3d 1309, 1313 (11th Cir. 2015).

Here, Plaintiff has not plausibly alleged that any named Defendant is a "debt collector" for FDCPA purposes. Plaintiff's Amended Complaint does not

"expressly state that the 'principal purpose' of [Defendants'] business is debt collection, as required by the first definition of debt collector" found in 15 U.S.C. §1692a(6). *Id.* at 1317. Nor could that fact be reasonably interfered from the Amended Complaint. The Amended Complaint provides no facts from which the Court could reasonably infer that any Defendant in this action "regularly collect[s] or attempt[s] to collect debts *for others*" as opposed to debts owed to it. *Id.* at 1316. (emphasis in original). Moreover, even if Plaintiff could establish Defendant TECO as a debt collector, under 16 U.S.C. 1692a(6)(A), excluded from the definition of "debt collector" is "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Thus, Wagenhofer and Kelly as agents acting on behalf of TECO would still fail to meet the definition. Therefore, because Plaintiff has failed to establish the second element of her claim under the FDCPA, Plaintiff's claim fails.

### Claim II: Claim under 42 U.S.C. § 1983 and Fla. Stat. § 501705(2)(b)

In Count II of her Amended Complaint, Plaintiff maintains that Defendants' actions violated her rights under 42 U.S.C. § 1983 and Fla. Stat. § 501705(2)(b). Under 42 U.S.C. § 1983, an individual may seek redress where he or she has been deprived of rights, privileges, or immunities secured by the Constitution and laws. However, "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Accordingly, "[t]he under-color-of-state-law element of § 1983

excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and quotation marks omitted).

In claims against a private party like TECO, the state-action requirement is satisfied if the "conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A plaintiff must demonstrate that the private defendant: (1) caused the deprivation by "exercise[ing] some right or privilege created by the State," and (2) "may fairly said to be a state actor . . . because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

Here, Plaintiff cannot establish the state-action element of her claim. TECO is a privately-owned electric utility that is regulated by the Florida Public Service Commission. The company operates in accordance with its Tariff filed with the Florida Public Service Commission and applicable laws and regulations.[2] The service terms for TECO customer accounts are set out in the Tariff. Accordingly, TECO may discontinue service for non-payment pursuant to its Tariff and Rule 26-6.105 of the Florida Administrative Code. This decision is carried out by TECO and does not involve the State.

Notably, the United Supreme Court has spoken on this precise issue. In

---

[2] *See* FLORIDA PUBLIC SERVICE COMMISSION, Rates & Tariffs – Electric (Jan. 26, 1983).

*Jackson v. Metropolitan Edison Co.*, Plaintiff sought relief against her electric company pursuant to 42 U.S.C. 1983 for discontinuation of her electric service. 419 U.S. 345, 347 (1974). In upholding the lower court's dismissal of the action, the Supreme Court rejected the notion that the discontinuation of service by a regulated private utility meets the "state-action" requirements under 42 U.S.C. § 1983. *Id.* at 358-59. Thus, as Plaintiff has failed to demonstrate "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself," her claim fails. *Id.* at 351.

Plaintiff further contends that TECO's actions in failing "to correct inaccuracies in a consumer's personal data, taking into account the nature of the personal data and the processing of the consumer's personal data" violated its duty under Fla. Stat. § 705.501. However, as the statute cited by Plaintiff does not take effect until July 01, 2024, this claim fails as well.

Therefore, for the foregoing reasons, the undersigned recommends that the Court dismiss the Plaintiff's Complaint with prejudice.

Accordingly, it is hereby

RECOMMENDED:

1.     Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be DENIED.

2.     Plaintiff's Amended Complaint (Doc. 7) be DISMISSED WITH PREJUDICE.

3.     The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, this 27th day of February 2024.

_____

ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. William F. Jung
       Plaintiff, *pro se*