**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DIANE ROBINSON,

    Plaintiff,

v.                                                      Case No. 8:24-cv-170-WFJ-AEP

TAMPA ELECTRIC COMPANY d/b/a TECO,
ANGELA CALHOUN,
KEN WAGENHOFER, and
RHONDA KELLY,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff's application to proceed *in forma pauperis* (Dkt. 2) and the amended complaint (Dkt. 7). The magistrate judge issued a thorough report recommending that the motion be denied and that the amended complaint be dismissed with prejudice. Dkt. 13. Plaintiff filed timely objections. Dkt. 15.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

The magistrate judge, in a thorough analysis, found that the amended complaint (Dkt. 7) neither satisfies basic pleading requirements in its factual allegations, nor sets forth a viable federal claim. Plaintiff objects to the report and recommendation on the grounds that the magistrate judge made several incorrect assumptions. Plaintiff asserts that she is not a "customer," nor does she owe TECO a debt because TECO has failed to verify the debt. Plaintiff takes issue with the report's failure to mention her timely opposition to a motion to dismiss filed by TECO.

As the report sets forth, the legal standard applied to review her complaint and amended complaint requires that the allegations must have an arguable basis either in law or fact. Dkt. 13 at 4. The report clarifies that none of the Defendants are "debt collectors" under the FDCPA as none collect debts for others. Dkt. 13 at 7–8. Her argument that she is not a "customer" does not aid her in stating a federal claim or federal basis for jurisdiction.

As to the count for a civil rights violation, Plaintiff has failed to establish any action attributable to the state. Dkt. 13 at 9–10. All the Defendants are private entities or individuals. The report did not need to mention either TECO's motion to dismiss or Plaintiff's response, because there is no asserted federal jurisdiction.

Having conducted a *de novo* and independent review of the file, with specific attention to each objection lodged by Plaintiff, and for the sound reasons explained in the Report and Recommendation, the Court rules as follows:

1. Plaintiff's objections (Dkt. 15) are overruled.

2. The Report and Recommendation (Dkt. 13) is adopted, confirmed, and approved in all respects and made a part of this order.

3. Plaintiff's amended complaint (Dkt. 7) is dismissed with prejudice. Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is denied.

4. The Clerk is directed to terminate any pending motions and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on March 13, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Plaintiff, *pro se*